UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

BRIAN BOYER,                          :

    Petitioner            :
                                         CIVIL ACTION NO. 3:14-0600
   v.                                 :
                                         (Judge Mannion)
BRENDA TRITT, Superintendent    :
et al.,
    Respondents          :

**MEMORANDUM**

Petitioner, Brian Boyer, an inmate currently confined in the State Correctional Institution, Frackville, Pennsylvania, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2254. He challenges the denial of his parole by the Pennsylvania Board of Probation and Parole ("the Board"). The petition is ripe for consideration, and, for the reasons that follow, the Court will deny the petition.

**I. Background**

On June 13, 2007, while on parole from a previous sentence, Boyer was found guilty of Simple Assault and Terroristic Threats with intent to Terrorize Another and sentenced to a term of incarceration of one year, nine months to seven years. (Doc. 8-1 at 7, Sentence Status Summary). The Department of Corrections calculated Boyer's minimum sentence date to be July 2, 2010 and

his maximum sentence date to expire on October 2, 2015. Id.

On July 6, 2010, the Board released Boyer on parole to an inpatient drug and alcohol program. (Doc. 8-1 at 13, Order to Release on Parole/Reparole).

On March 11, 2011, Board Agent Bryon Rice recovered Boyer's cell phone which contained hundreds of video downloads of sexual acts, some with children appearing to be as young as 7-years-old. (Doc. 8-1 at 15, Affidavit of Probable Cause).

In a Board Decision recorded April 13, 2011, Boyer was recommitted as a technical parole violator to serve 9 months backtime for violating multiple conditions of his parole. (Doc. 8-1 at 18, Notice of Board Decision).

By Order dated January 16, 2013, Boyer was sentenced in the Berks County Court of Common Pleas to a term of incarceration of eighteen months to five years, after having been found guilty of Sexual Abuse of Children. (Doc. 8-1 at 21, Sentence Order). As a result of the conviction, by Board Decision dated May 21, 2013, the Board recommitted Boyer as a convicted parole violator to serve twenty-four months backtime. (Doc. 8-1 at 23, Notice of Board Decision). The Board also recalculated Boyer's maximum sentence date from October 2, 2015 to February 11, 2017 to take away Boyer's time while at liberty on parole, as required by 61 Pa.C.S. §6138(a)(2). Id.

By Notice of Board Decision recorded on September 27, 2013, the

Board denied Petitioner re-parole, stating its reasons as follows:

> Your need to participate in and complete additional institutional programs.
>
> Your risk and needs assessment indicating your level of risk to the community.
>
> The negative recommendation made by the Department of Corrections.
>
> Your prior unsatisfactory parole supervision history.
>
> The existence of state detainers filed against you.
>
> You are to be interviewed in or after August, 2014.
>
> At your next interview, the Board will review your file and consider:
>
>> Whether you have successfully completed a treatment program for sex offenders.
>>
>> Whether you have received a favorable recommendation for parole from the Department of Corrections.
>>
>> Whether you have maintained a clear conduct record.
>
> You may file an application for parole/reparole no sooner than 1 year after the date of the last decision denying parole/reparole was recorded.

(Doc. 8-1 at 26, Notice of Board of Decision).

On March 31, 2014, Boyer filed the instant action in which he alleges the Board "violated the Petitioner's right to Due Process under the United

States and Pennsylvania Constitutions when they denied him parole based on arbitrary and capricious reasons. (Doc. 1, petition). As such, he claims "this Court has an obligation to thoroughly review the entire record, and afford the Petitioner the proper due process that has been denied to date." Id.

## II. Discussion

It is well-settled that "[t]here is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." Greenholtz v. Inmates of Nebraska Penal and Correctional Complex, 442 U.S. 1, 7 (1979). Further, the existence of a state parole system alone does not create a constitutionally-protected interest. Board of Pardons v. Allen, 482 U.S. 369, 373 (1987). Instead a liberty interest for purposes of parole would only arise if the state code requires a parole board to make its decision based upon the existence or absence of a particular factor.

The Pennsylvania Probation and Parole Act does not grant Pennsylvania state prisoners any constitutionally-protected liberty interest in being released on parole or reparole prior to the expiration of their maximum

terms.[1] Pennsylvania law unambiguously provides that a prisoner is not entitled to release from prison until the expiration of his maximum sentence.[2] Nothing in the Pennsylvania Parole Act (or any other provision of Pennsylvania law) requires the Board to release a prisoner on parole prior to the expiration of his maximum term. The Board has complete discretion to determine whether an inmate is sufficiently rehabilitated such that he will be

---

[1] See, e.g., McFadden v. Lehman, 968 F. Supp. 1001, 1004 (M.D. Pa. 1997) (Pennsylvania has not created an enforceable liberty interest in parole, rehabilitative pre-release programs, or in therapy programs); Rodgers v. Parole Agent SCI–Frackville, Wech, 916 F. Supp. 474, 476 (E.D.Pa. 1996); McCrery v. Mark, 823 F. Supp. 288 (E.D.Pa. 1993); Rogers v. Pennsylvania Bd. of Probation and Parole, 555 Pa. 285, 724 A.2d 319 (1999) (holding that the grant of parole for Pennsylvania prisoners is nothing more than a possibility; it merely constitutes favor granted by the state as a matter of grace and mercy); Tubbs v. Pennsylvania Bd. of Probation and Parole, 152 Pa. Cmwlth. 627, 620 A.2d 584, 586 (Pa. Commw. Ct. 1993) ("it is well settled under Pennsylvania law that a prisoner has no constitutionally protected liberty interest in being released from confinement prior to the expiration of his sentenced maximum term ... the [Board] makes each decision on a case by case basis, and prisoners have no guarantees that parole will ever be granted"), appeal denied, 536 Pa. 635, 637 A.2d 295 (Pa. 1993).

[2] A prisoner's sentence is his maximum term. Krantz v. Pennsylvania Bd. of Probation & Parole, 86 Pa. Commw. 38, 41, 483 A.2d 1044, 1047 (1984). The significance of the minimum sentence is that it establishes a parole eligibility date; the only "right" that can be asserted upon serving a minimum sentence is the "right" to apply for parole and to have that application duly considered by the Board. Id.

permitted to serve the remainder of his sentence outside the prison walls on parole. Although a prisoner is eligible for parole at the end of his minimum term, nothing in Pennsylvania law or the United States Constitution requires a prisoner to be released at such time.[3] However, the United States Court of Appeals for the Third Circuit has held that:

> [E]ven if a state statute does not give rise to a liberty interest in parole release under Greenholtz, once a state institutes a parole system all prisoners have a liberty interest flowing directly from the due process clause in not being denied parole for arbitrary or constitutionally impermissible reasons.

Block v. Potter, 631 F.2d 233, 236 (3d Cir. 1980). Accordingly, even where a state statute grants discretion to the state parole board to condition or completely deny parole, it may not permit "totally arbitrary parole decisions founded on impermissible criteria." Id. Consequently, a federal court may review a decision by a state parole board for an abuse of discretion. Id. Upon such review, relief will only be available if an applicant can show that parole was arbitrarily denied based on some impermissible reason such as "race, religion, or political beliefs," or that the parole board made its determination

---

[3]The existence of a state parole system alone does not create a constitutionally-protected interest. Board of Pardons v. Allen, 482 U.S. 369, 373 (1987).

based on "frivolous criteria with no rational relationship to the purpose of parole . . . ." Id. at 236 n.2.

In Morrissey v. Brewer, 408 U.S. 471 (1972), the United States Supreme Court addressed a habeas petition filed by a state inmate who alleged that he had not received due process during parole revocation procedures. The Court recognized that a federal court should not upset a decision of a state parole board unless the determination is based on constitutionally impermissible reasons such as race, religion, or ethnicity or rendered in the absence of the following due process protections:

> (a) written notice of the claimed violations of parole; (b) disclosure to the parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a 'neutral and detached' hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the factfinder as to the evidence relied on and reasons for revoking parole.

Id. at 488-89.

Boyer does not allege that he was denied parole on the basis of his race, religion or ethnicity. As previously noted, it has been repeatedly recognized that Pennsylvania state law does not confer its inmates with a legally protected interest in parole eligibility. Consequently, it cannot be

concluded that the Board's decisions to deny Boyer parole was based on constitutionally impermissible reasons. To the contrary, the reasons cited are factors that the Board was statutorily required to consider in accordance with the Prisons and Parole Code at [61 Pa C.S. §6135](). Those statutory factors include: the nature and circumstances of the offense committed, the general character and background of the inmate, the conduct of the person while in prison, the physical/mental/behavioral condition and history of the inmate, as well as an inmate's complete criminal record. [Id.]()  Consequently, the petition for writ of habeas corpus will be denied. An appropriate Order will be entered.

            s/ *Malachy E. Mannion*
            **MALACHY E. MANNION**
            **United States District Judge**

**Dated:** April 26, 2016
O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2014 MEMORANDA\14-0600-01.wpd